# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 93-30009** <br> **CIVIL NO. 06-0834** |
| **VERSUS** | | |
| | * | **JUDGE WALTER** |
| **ALFONSO RHONE** | | |
| | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence filed by Defendant Alfonso Rhone pursuant to 28 U.S.C. §2255 (Document No. 27). Defendant pled guilty to a two count Bill of Information in the above-captioned matter on February 2, 1993. He was sentenced on April 30, 1993, with judgment entered on May 4, 1993. Defendant did not appeal his conviction or his sentence. On May 15, 2006, the defendant filed this motion for relief under § 2255, complaining that his yet to be started federal sentence should have run concurrently with the state sentence he is presently serving. For reasons stated below, it is recommended that the Motion be **DENIED.**

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, the applicable statute of limitations is as follows:

A one year period of limitation shall apply to a motion under this Section; the limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

At the time the defendant filed the pending motion, his conviction had been final for over thirteen years. He has failed to provide any evidence to support any of the exceptions to the one year limitations period or to establish that equitable tolling, which is not favored under the law, would be applicable. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In order for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). The defendant has failed to present any circumstances warranting equitable tolling in this case. It is therefore recommended that his motion for relief under 28 U.S.C. §2255 be **DENIED** as untimely.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 20th day of December, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE